41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dallas RICHMOND, Petitioner-Appellant,
v.
George C. WELBORN and Roland W. Burris, Respondents-Appellees.
 No. 93-3666.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 22, 1994.
Decided Oct. 6, 1994.
Rehearing Denied Oct. 27, 1994.
 
 Before CUMMINGS, ESCHBACH and MANION, Circuit Judges.
 
 ORDER
 
 1
 Dallas Richmond broke into the homes of three elderly women. In addition to robbing the women, he sodomized and attempted to rape the oldest of his victims--she was 92 years old. He was convicted after a jury trial of attempted rape, deviate sexual assault, and three counts of home invasion. For his horrendous crimes he was sentenced to 120 years in prison. After exhausting his state law remedies, he filed a petition for writ of habeas corpus. The district court denied this petition. Richmond appeals and we affirm.
 
 
 2
 On appeal, Richmond first claims that the government violated his Sixth Amendment right to an impartial jury by using peremptory strikes against potential black jurors. In a related argument, Richmond asks this court to apply the Supreme Court's decision in Batson v. Kentucky, 476 U.S. 79 (1986), retroactively to the government's use of these peremptory challenges. Richmond also claims that his right to a fair trial was violated by the admission of evidence under a theory of modus operandi. Finally, he claims that the district court abused its discretion in sentencing him to 120 years of imprisonment. We consider each issue in turn.
 
 A. Impartial Jury
 
 3
 Richmond first asserts that he was denied his Sixth Amendment right to an impartial jury when the prosecution struck five of the six black members of the venire, leaving a nearly all-white jury which he claims was biased against him. Richmond, however, fails to point to any evidence of partiality. Instead, he makes the disquieting statement that "a white juror may be less likely to be able to overcome the emotional nature of a black man raping and deviantly sexually assaulting a white elderly woman. Deep in his psyche there may be fears, prejudices or suspicions that will impair his impartiality." The converse of this statement shows its absurdity--a black juror will not be emotionally affected by the rape and deviate sexual assault of an elderly woman, because she is white.
 
 
 4
 Nonetheless, Richmond maintains that the white jurors were inherently biased. Asked during oral argument why that is true, Richmond's attorney responded that it is human nature. This position is not only offensive; it is without foundation. And in any event, the Supreme Court has expressly negated it, stating: "A prohibition upon the exclusion of cognizable groups through peremptory challenges has no conceivable basis in the text of the Sixth Amendment, is without support in our prior decisions, and would undermine rather than further the constitutional guarantee of an impartial jury." Holland v. Illinois, 493 U.S. 474, 478 (1990). Accordingly, Richmond's Sixth Amendment right to an impartial jury was not violated.
 
 B. Batson Challenge
 
 5
 Richmond next argues that he was entitled to a new trial because the prosecution violated Batson v. Kentucky, 476 U.S. 79 (1986), by striking black members of the venire without a race-neutral reason. At the time of Richmond's trial, however, Batson had not yet been decided. Nonetheless, Richmond argues that Batson should be applied retroactively. We rejected this argument in Williams v. Chrans, 945 F.2d 926, 946 (7th Cir.1991), and held that Batson does not apply retroactively to convictions which were final at the time that Batson was decided. Accord Davis v. Greer, 13 F.3d 1134, 1140 (7th Cir.1994). "A conviction is final for these purposes when a defendant has exhausted his state appellate remedies and either the United States Supreme Court has denied the defendant's petition for certiorari or the time for filing the petition has expired." Id. Richmond exhausted his state law remedies on December 6, 1983, when the Illinois Supreme Court denied leave to appeal the affirmance of his conviction on direct appeal, and the time for filing a petition for certiorari elapsed 90 days later. Richmond's conviction was therefore final in early 1984. Batson was not decided until 1986 and therefore does not apply.
 
 C. Admission of Modus Operandi
 
 6
 Richmond's third objection to his conviction concerns the admissibility of modus operandi evidence. All charges stemming from Richmond's three break-ins were joined for trial. In presenting evidence for each individual break-in, the government offered evidence of a modus operandi by presenting testimony concerning the other two break-ins. Richmond claims that the crimes were not similar enough to demonstrate a modus operandi and, therefore, by admitting the evidence as such, he was denied his right to a fair trial. This contention totally fails.
 
 
 7
 First, Richmond defaulted procedurally on this claim. "A habeas petition must provide state courts with a fair opportunity to apply constitutional principles and to correct any constitutional error committed by the trial court." Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir.1992) (internal quotations omitted). In exercising his state appellate procedures, Richmond did not assert that the admission of the modus operandi evidence constituted constitutional error. Rather, he presented it as merely a question of state law. Therefore, he cannot raise this objection in seeking habeas relief. Verdin, 972 F.2d at 1473-74. Moreover, on appeal Richmond has failed to present any constitutional or federal statutory challenge. "[F]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law." Del Vecchio v. Illinois Dept. of Corr., No. 92-2553, slip op. at 7 (7th Cir. July 19, 1994). "There is no federal right not to be questioned about prior crimes." Thompkins v. Cohen, 965 F.2d 330, 333 (7th Cir.1992) (internal quotations omitted). "The only federal right in play is the general right to a fair trial, and to prevail on this ground a defendant must show that the errors or irregularities of which he complains probably caused a miscarriage of justice, that is, the conviction of an innocent person." Id. Richmond has not alleged, much less demonstrated that the admissibility of the modus operandi evidence resulted in the conviction of an innocent person. Moreover, Richmond's crimes against the three victims were properly admitted as modus operandi evidence. All three victims were elderly, lived alone, and lived within a limited geographic area. They all described their attacker as a black man who, after waking them, choked and robbed them. Based on these similarities, admission of evidence of all three crimes was proper; it certainly did not deprive him of a fair trial. See, e.g., People v. Cruz, 1994 WL 363948, * 19 (Ill.1994) (a sufficient degree of similarity existed to support admission under the theory of modus operandi ).
 
 D. Sentence
 
 8
 Richmond's final challenge concerns his sentence. He claims that it was an abuse of discretion to impose a 120-year sentence for his offenses. In presenting his appeal before the state courts, he presented this issue solely as a state law issue. Therefore, he cannot raise this objection in seeking habeas relief. Verdin, 972 F.2d at 1473-74. On appeal, Richmond again presents this issue as solely a state law claim. As stated above, habeas relief is only available where a federal constitutional or statutory violation occurred. Del Vecchio, slip op. at 7. Richmond failed to assert such a violation and, therefore, he is not entitled to habeas relief.
 
 
 9
 For the foregoing reasons, we AFFIRM.